UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROMOFF, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER INC., a New Jersey corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  22cv00075-LL-WVG<br><br>**ORDER ON DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF ITS TRANSFER MOTION**<br><br>**[ECF Nos. 16, 17, 18]** |

**I.BACKGROUND**

The Court incorporates its factual and procedural history from its previous two orders. *See* ECF Nos. 8, 13. In the most recent order, the Court granted the parties' joint motion to extend the responsive pleading deadline of Defendant Johnson & Johnson Consumer, Inc., a New Jersey corporation ("Defendant") to two weeks after Plaintiff Robert Romoff ("Plaintiff") filed his amended complaint (*i.e.*, **Friday, <u>April 15, 2022</u>**).

On April 8, 2022, however, Defendant filed a motion to transfer venue to the Eastern District of Pennsylvania, which is scheduled to be heard on **<u>May 13, 2022</u>**. That same day, Defendant filed an *Ex Parte* Motion to Stay the Deadline to Respond to the First Amended Complaint Pending Resolution of the Motion to Transfer Venue, seeking to extend its deadline to respond to the complaint until 14 days after the Court issues an order on the

pending motion to transfer venue. ECF No. 16. On April 11, 2022, Plaintiff opposed the stay. ECF Nos. 17, 18. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Defendant's Motion.

## II.  LEGAL STANDARD

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted). In determining whether a stay is appropriate, a court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

## III.  DISCUSSION

Defendant argues that other district courts have granted stays in similar circumstances, neither party will be injured by the brief stay, and the Court may save time and resources by avoiding ruling on a motion to dismiss if it decides to transfer venue. ECF No. 16 at 3:9-4:5 (citing, *inter alia*, *McGahee v. Trumbull Ins. Co.*, Civil Action No.

11-cv-03007-WYD-MEH, 2011 U.S. Dist. LEXIS 149983, at *7 (D. Colo. Dec. 29, 2011) (granting a motion to stay proceedings pending determination of a motion to transfer venue because "delay seems less likely given the relative simplicity of the pending motion and the speed with which the Court anticipates its resolution"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (noting that disposition of the petitioner's transfer motion "should have taken a top priority in the handling of this case by the Middle District Court")). Plaintiff responds that regardless of venue, Defendant's motion to dismiss will need to be fully briefed at some point, so a stay would not save the Court or parties resources and would only delay briefing that must take place anyway. ECF No. 18 at 2:1-8. Plaintiff distinguishes the cases relied upon by Defendant by noting that in *McGahee*, Plaintiff agreed to the stay, and in *Horseshoe*, the court "had 'waited some 13 months' to rule on the transfer motion." *Id.* at 2:9-3:2 (quoting *Horseshoe*, 337 F.3d at 433). Plaintiff also argues that "Defendant's motion to transfer is unlikely to prevail." *Id.* at 3:9-22.

"Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014). However, in this case, the Court finds that (1) the possibility of damage from the stay is minimal given Defendant's motion to transfer venue has a hearing date in May; (2) Defendant may suffer hardship in being required to prepare a motion to dismiss in this Court if the case is transferred to another court, which may have different motion-filing rules; and (3) a stay will not impact the orderly course of justice. *CMAX*, 300 F.2d at 268.

**IV.    ORDER**

Good cause appearing, the Court **GRANTS** Defendant's motion for a stay. Other than submitting the opposition and reply briefs for the pending motion to transfer, this case is stayed until 14 calendar days after the entry of an order on the pending motion to transfer.

**IT IS SO ORDERED.**

DATED:    April 14, 2022

                                                      **HON. LINDA LOPEZ**
                                                      United States District Judge